UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TOMAS CANO GONZALEZ and JULIO ROSAS,
individually and on behalf of all others similarly situated,

                          CIVIL ACTION NO.

                Plaintiffs,

              -against-                    COMPLAINT

TREMSON RECYCLING LLC, THE TREMSON
CORPORATION, TREMSON WOOD PRODUCTS LLC,
DENISE TREMBLAY, MARJOLAINE TREMBLAY,
GEORGE TREMBLAY JR., and JOHN TREMBLAY,

                Defendants.
------------------------------------------------------------------------X

      Plaintiffs Tomas Cano Gonzalez ("Cano") and Julio Rosas ("Rosas"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, Tremson Recycling LLC ("Tremson Recycling"), The Tremson Corporation ("Tremson Corp"), Tremson Wood Products LLC ("Tremson Wood"), Denise Tremblay, Marjolaine Tremblay, George Tremblay Jr., and John Tremblay (collectively, "Defendants"), respectfully allege as follows:

### I. Nature of Action, Jurisdiction, and Venue

    1.    This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"); New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq;* 26 U.S.C. § 7434, and any other cause of action which can be inferred from the facts herein.

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA and 26 U.S.C. § 7434.

1

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individuals residing in the State of New York.

6. At all relevant times, Plaintiffs were employed by Defendants.

7. While employed with Defendants, Plaintiffs were regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiffs are covered employees within the meaning of the FLSA and the NYLL.

9. Defendant Tremson Recycling is a limited liability company with its principal place of business located at 3675 Danbury Road, Brewster, New York 10509.

10. Defendant Tremson Corp is a domestic corporation with its principal place of business located at 21 Branch Road, Brewster, New York 10509.

11. Defendant Tremson Wood is a limited liability company with its principal place of business located at 25 Ames Road, Brewster, New York 10509.

12. Defendant Denise is an individual residing, upon information and belief, in the State of New York.

13. Defendant Marjolaine is an individual residing, upon information and belief, in the State of New York.

14. Defendant George is an individual residing, upon information and belief, in the State of New York.

15. Defendant John is an individual residing, upon information and belief, in the State of New York.

16. At all relevant times, Defendants Denise, Marjolaine, George, and John were, and still are, owners and/or persons in control of Tremson Recycling, Tremson Corp, and Tremson Wood who exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

17. At all relevant times, Defendants were responsible for setting Plaintiffs' schedules and day-to-day activities and for supervising their performance.

18. At all relevant times, Defendants had the power to discipline and terminate Plaintiffs.

19. At all relevant times, Defendants were responsible for compensating Plaintiffs.

20. Defendants are a single enterprise and/or joint employers that operate for the same business purpose and have common ownership and management.

21. Defendants are a single enterprise and/or joint employers, who jointly managed, supervised, hired, fired, and controlled the manner of pay of Plaintiffs, and are jointly and severally liable in this matter.

22. Defendants Denise and Marjolaine managed Tremson Recycling and were responsible for the day-to-day operations.

23. Defendant Denise routinely signed the checks of all employees at Tremson Recycling, including Cano.

24. Defendant Marjolaine routinely distributed paychecks to all employees at Tremson Recycling, including Cano.

25. Defendants George and John managed Tremson Corp and Tremson Wood, and were responsible for the day-to-day operations.

26. Defendant George signed Rosas' paychecks and handed him his check every week.

27. Defendant John instructed Rosas on the hours he worked each week and exercised control over setting his rate of pay.

28. Defendant George and John instructed Rosas to also work at Tremson Recycling and Tremson Wood.

29. Defendants' employees, including but not limited to Plaintiff Rosas, worked at Tremson Recycling, Tremson Corp, and/or Tremson Wood, splitting their time between locations during the course of their employment.

30. On several occasions, Cano saw Tremson Corp. drivers go into Tremson Recycling to get materials for work projects.

31. Rosas wore a T-shirt with the logo "Tremson Corp" regardless of which location he worked at.

32. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiffs.

33. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of the minimum required to fall within the jurisdiction of the FLSA.

34. Defendants operate in interstate commerce, as they conduct commercial projects in New Jersey and Connecticut.

35. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

36. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

37. The FLSA Collective Plaintiffs consist of no less than six (6) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

38. While employed with Defendants, Plaintiffs and the FLSA Collective Plaintiffs were non-exempt employees pursuant to the FLSA.

39. However, despite routinely working more than forty (40) hours per week, Plaintiffs and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half times their regular hourly rates of pay or the applicable minimum wage rates, whichever is greater, for the hours they worked in excess of forty (40) per week.

40. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes,

*inter alia*, failing to pay the applicable overtime wages for all time worked in excess of forty (40) hours per week.

41. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

42. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

43. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Factual Allegations

<u>Plaintiff Cano's Factual Allegations</u>

44. Plaintiff Cano was employed by Tremson Recycling as a machine operator from on or around March 3, 2006 until on or around September 16, 2022, and has been employed by Tremson Corp since September 17, 2022.

45. As a machine operator, Plaintiff Cano's job duties included, *inter alia*, assisting with land clearing and recycling, wood grinding, and lifting large and heavy equipment.

46. Plaintiff Cano did not have the authority to hire, fire or discipline employees, nor were his recommendations requested or considered in hiring employees.

47. From on or around March 3, 2006 until on or around September 16, 2022, Plaintiff Cano regularly worked Mondays through Fridays from 7:00 a.m. until 4:30 p.m. or 5:00 p.m., for an average of approximately forty-eight and three quarter (48.75) hours worked per week.

48. From on or around March 3, 2006 until on or around September 16, 2022, Plaintiff Cano also regularly worked every Saturday from 7:00 a.m. to 3:30 p.m. during the months of March through November every year, for an average of approximately fifty-seven and one quarter (57.25) hours worked per week during those months.

49. Since on or around September 17, 2022, Plaintiff Cano has regularly worked Mondays through Fridays from 7:00 a.m. to 3:00 p.m., for a total of forty (40) hours worked per week.

50. During the relevant time period, Plaintiff Cano typically took two breaks per day: a morning break that lasted fifteen (15) minutes or less, and an afternoon break that lasted thirty (30) minutes or less.

51. Defendants neither tracked the hours Plaintiff Cano worked nor required Plaintiff Cano to record his time.

52. During the relevant time period, Plaintiff Cano was compensated at a fixed salary of $820.00 per week, regardless of the number of hours that he worked each week.

53. In addition to his regular fixed salary, until in or around November 2021, Plaintiff Cano was compensated an additional $120.00 when he worked on Saturday. From in or around December 2021 until on or around September 16, 2022, Plaintiff Cano was compensated $200.00 when he worked on Saturday.

Plaintiff Rosas' Factual Allegations

54. Plaintiff Rosas was employed by Tremson Corp as a machine operator from on or around March 1, 1999 until on or around June 10, 2022.

55. As a machine operator, Plaintiff Rosas' job duties included, *inter alia*, assisting with land clearing and recycling, wood grinding, and lifting large and heavy equipment.

56. Plaintiff Rosas did not have the authority to hire, fire or discipline employees, nor were his recommendations requested or considered in hiring employees.

57. Throughout his employment with Defendants, Plaintiff Rosas typically worked one to five times per year at Tremson Recycling and two days per month at Tremson Wood, while working all his other shifts with Tremson Corp.

58. From on or around March 1, 1999 until on or around March 24, 2022, Plaintiff Rosas regularly worked as a machine operator Mondays through Fridays from 7:00 a.m. until 3:30 p.m., for approximately forty two and a half (42.5) hours worked per week. Plaintiff Rosas also drove the company vehicle for work in the morning and afternoon for approximately two and a half (2.5) hours each day, or approximately twelve and a half (12.5) hours per week. Thus, he worked a total of approximately fifty-five (55) hours per week.

59. From on or around March 25, 2022 until on or around June 10, 2022, Plaintiff Rosas regularly worked as a machine operator Tuesdays through Fridays from 7:00 a.m. until 3:30 p.m., for approximately thirty-four (34) hours per week. Plaintiff Rosas also drove the company vehicle for work in the morning and afternoon for approximately two and a half (2.5) hours each day, or approximately twelve and a half (12.5) hours per week. Thus, he worked for a total of forty-five (45) hours per week during this time period.

60. During the relevant time period, Plaintiff Rosas typically took two breaks per day: a morning break that lasted fifteen (15) minutes or less, and an afternoon break that lasted thirty (30) minutes or less.

61. From the beginning of his employment until in or around December 2019, Defendants neither tracked the hours Plaintiff Rosas worked nor required Plaintiff Rosas to record his time.

62. From in or around January 2020 until the end of his employment, Defendants tracked Plaintiff Rosas time through a time tracking application, which did not accurately track all the hours Plaintiff Rosas worked during each shift.

63. During the relevant time period, Plaintiff Rosas was compensated at an hourly rate of $35.50 per hour, regardless of the number of hours that he worked each week.

64. During the relevant time period, Plaintiff Rosas would also receive monthly checks made to "cash" in the amount of approximately $400 to $500, purportedly as overtime wages. However, based on his rate of pay, the foregoing payments only compensated Rosas for approximately twenty-two (22) to twenty-eight (28) hours of overtime worked each month.

65. Throughout Plaintiff Rosas's employment, Tremson Corp entered into public works contracts with the State of New York. During the relevant time period, Plaintiff Rosas was compensated at the prevailing wage rate of $48.67 per hour for work performed under public works contracts, including hours worked in excess of forty (40) per week.

Plaintiffs' Claims Under the FLSA and NYLL

66. Plaintiffs were non-exempt employees under the FLSA and NYLL and were entitled to receive overtime compensation for all hours they worked in excess of forty (40) per week.

67. However, despite routinely working more than forty (40) hours per week, Plaintiffs were not paid overtime compensation of one and one-half times the minimum wage rate or their regular hourly rate of pay, whichever is greater, for all hours worked in excess of forty (40) per week.

68. Defendants also failed to furnish to Plaintiffs payroll notices at the time of their hire, or at any time thereafter, containing Plaintiffs' rates of pay, the designated payday, or other information required by NYLL § 195(1).

69. Defendants further failed to furnish to Plaintiffs, with each wage payment, an accurate statement listing Plaintiffs' regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

70. By failing to provide Plaintiffs with payroll notices and wage statements as required by NYLL §§ 195(1) and (3), Defendants deprived Plaintiffs of their statutory rights to be provided with complete and accurate information about the terms and conditions of their compensation, including their regular rate of pay, their overtime rate, the amount of compensation paid for regular work hours, and the amount of compensation paid for overtime hours.

71. Defendants' failure to provide Plaintiffs with such information caused Plaintiffs to endure uncertainty regarding their wages and hindered their ability to take action to correct Defendants' wage and hour violations, as Defendants deprived Plaintiffs of the means to confirm that they were being compensated in accordance with the terms of their employment and with the requirements of federal and state law.

<u>Plaintiff's Rosas Claim for Fraudulent Filing of Information Returns</u>

72. Throughout Plaintiff Rosas' employment, Defendants provided Plaintiff Rosas his wages partially by check and partially in cash.

73. Defendants issued Internal Revenue Service ("IRS") W-2 Forms to Plaintiff Rosas for the tax years 2017 through 2022 that only reflected the wages that Defendants paid to Plaintiff Rosas by check.

74. As a result, the W-2 Forms that Defendants issued to Plaintiff Rosas for the tax years 2017 through 2022 did not reflect all wages that Defendants paid to Plaintiff Rosas during each such year.

75. Defendants filed the W-2 Forms issued to Plaintiff Rosas for the tax years 2017 through 2022 with the IRS.

76. Defendants willfully filed false information returns with the IRS as to Plaintiff Rosas' wages, in violation of 26 U.S.C. § 7434.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(Overtime Violations under the FLSA)

77. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

78. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

79. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

80. Throughout the relevant period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

81. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective

Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

82. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

83. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
(Overtime Violations under the NYLL)

84. Plaintiffs repeat and reallege all prior allegations set forth above.

85. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

86. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

87. Throughout the relevant period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

88. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

89. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

90. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
(Failure to Provide Payroll Notices Under the NYLL)

91. Plaintiffs repeat and reallege all prior allegations set forth above.

92. Defendants failed to furnish to Plaintiffs a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

93. As Defendants failed to provide Plaintiffs with a payroll notice as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

94. Judgment should be entered in favor of Plaintiffs and against Defendants on the Third Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
(Failure to Provide Payroll Notices Under the NYLL)

95. Plaintiffs repeat and reallege all prior allegations set forth above.

96. Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing Plaintiffs' regular and overtime rates of pay; the number of regular and overtime hours

worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

97. As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

98. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ROSAS**
*(Breach of Contract)*

99. Plaintiff Rosas repeats and realleges all prior allegations.

100. Upon information and belief, the public works contracts entered into by Defendants, as a matter of fact or by operation of law, contained or incorporated by reference schedules of the prevailing rates of wages and supplemental benefits to be paid to Plaintiff Rosas.

101. Those prevailing rates of wages and supplemental benefits were made a part of the public works contracts for the benefit of employees of Defendants, including Plaintiff Rosas.

102. Plaintiff Rosas was a third-party beneficiary of the public works contracts entered into by Defendants.

103. Defendants willfully breached these public works contracts by not paying Plaintiff Rosas the proper overtime rate for the hours over forty (40) he worked each week o public works projects.

104. As a result of Defendants' breach of their public works contracts, Plaintiff Rosas has been damaged and did not receive his full overtime wages.

14

105. Judgment should be entered in favor of Plaintiff Rosas and against Defendants on the Fifth Cause of Action for all unpaid prevailing wages, supplements, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ROSAS**
*(Quantum Meruit)*

106. Plaintiff Rosas repeats and realleges all prior allegations.

107. Plaintiff Rosas performed numerous and valuable services at the request and for the benefit of Defendants pursuant to their public works contracts.

108. Plaintiff Rosas was not paid a fair and reasonable value for those services he performed on public works projects.

109. Plaintiff Rosas is entitled to payment for the fair and reasonable value of the services he provided to Defendants.

110. It is improper for Defendants to retain the benefit of services provided by Plaintiff Rosas without making proper payment.

111. Defendants are obligated to pay the fair and reasonable value for the services provided by Plaintiff Rosas.

112. Judgment should be entered in favor of Plaintiff Rosas and against Defendants on the Sixth Cause of Action for all unpaid prevailing wages, supplements, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR AN SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ROSAS**
*(Unjust Enrichment)*

113. Plaintiff Rosas repeats and realleges all prior allegations.

114. Plaintiff Rosas performed a significant amount of work at public works projects for which he has not been properly paid.

115. When Defendants entered into the public works contracts, Defendants agreed, as a matter of fact or by operation of law, to pay the required prevailing wage, overtime wages, and supplemental benefit rates of pay to Plaintiff Rosas.

116. Upon information and belief, although Defendants billed public customers for labor performed by Plaintiff Rosas at the higher prevailing wage rate, prevailing overtime rate, and supplemental benefit rates, Defendants failed to pay Plaintiff Rosas at said prevailing rates for the work he performed on public works projects.

117. As a result of this failure to pay Plaintiff Rosas at said prevailing rates for the work he performed on public works projects, Defendants were unjustly enriched at the expense of Plaintiff Rosas.

118. It would be inequitable and unconscionable to permit Defendants to retain the value of Plaintiff Rosas' services without making full payment.

119. Equity demands that Defendants be compelled to pay for this benefit.

120. Judgment should be entered in favor of Plaintiff Rosas and against Defendants on the Seventh Cause of Action for all unpaid prevailing wages, supplements, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ROSAS**
(Fraudulent Filing of Information Returns Under 26 U.S.C. § 7434)

121. Plaintiff Rosas repeats and realleges all prior allegations set forth above.

122. Throughout Plaintiff Rosas' employment, Defendants provided Plaintiff Rosas his wages partially by check and partially in cash.

123. Defendants provided Plaintiff Rosas with a copy of the IRS Form W-2 that Defendants filed with the IRS each calendar year, which reflected only the wages paid to Plaintiff Rosas via check.

124. An IRS W-2 Form is an information return as defined by 26 U.S.C. § 6724(d)(1).

125. Defendants were aware of their duty to accurately report to the IRS all wages paid to Plaintiff Rosas.

126. Defendants were aware that the W-2 Forms did not reflect wages paid in cash to Plaintiff Rosas.

127. Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing W-2 Forms with false information regarding the wages paid to Plaintiff Rosas, thereby decreasing Defendants' tax liability.

128. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff Rosas is entitled to damages for each such fraudulent return in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff Rosas for each fraudulent information return, costs of the action, and reasonable attorneys' fees.

129. Judgment should be entered in favor of Plaintiff Rosas and against Defendants on the Eighth Cause of Action in an amount equal to the greater of $5,000.00 or the sum of any actual damages sustained by Plaintiff for each fraudulent information return, costs of the action, and reasonable attorneys' fees.

**WHEREFORE** Plaintiffs pray for relief as follows:

a) on the First Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action on behalf of Plaintiffs for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Plaintiffs for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action on behalf of behalf of Plaintiffs for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action on behalf of Plaintiff Rosas for all unpaid prevailing wages, and supplements in an amount to be determined by this Court;

f) on the Sixth Cause of Action on behalf of Plaintiff Rosas for all unpaid prevailing wages, and supplements in an amount to be determined by this Court;

g) on the Seventh Cause of Action on behalf of Plaintiff Rosas for all unpaid prevailing wages, and supplements in an amount to be determined by this Court;

h) on the Eighth Cause of Action on behalf of Plaintiff Rosas for damages in the amount equal to the greater of $5,000.00 for each fraudulent information return or the sum of any actual damages sustained by Plaintiff Rosas and all reasonable attorneys' fees in an amount to be determined by this Court;

i) Interest;

j) Costs and disbursements; and

k) Such other and further relief as is just and proper.

Dated: New York, New York
March 1, 2024

/s/ *Jonathan Trinidad Lira*
Jonathan Trinidad-Lira
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
(212) 460-0047
jtrinidadlira@katzmelinger.com
*Attorneys for Plaintiffs*