UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TOMAS CANO GONZALEZ and JULIO ROSAS,　　　　Civil Action No.: 1:24-cv-
Individually and on behalf of all others similarly situated,　　　01612-JGK-RWL

         *Plaintiffs*,

 -against-

TREMSON RECYCLING LLC, THE TREMSON
CORPORATION, TREMSON WOOD PRODUCTS LLC,
DENISE TREMBLAY, MARJOLAINE TREMBLAY,
GEORGE TREMBLAY JR., and JOHN TREMBLAY,

         *Defendants,*

------------------------------------------------------------------------X

## DECLARATION OF MARK CERMELE IN SUPPORT OF DEFENDANTS THE TREMSON CORPORATION, TREMSON WOOD PRODUCTS LLC, GEORGE TREMBLAY JR. AND JOHN TREMBLAY'S MOTION TO VACATE DEFAULT JUDGMENT

MARK CERMELE, an attorney duly admitted in this Court, declares pursuant to 28 U.S.C. § 1746 as follows:

 1. I am a Partner at the law firm of Cermele & Wood, LLP, attorneys for Defendants The Tremson Corporation ("Tremson Corp."), Tremson Wood Products LLC ("Tremson Wood Products"), George Tremblay Jr. ("George Jr."), and John Tremblay ("John Tremblay," and together with Tremson Corp., Tremson Wood Products, George Jr, the "Tremson Defendants"), and as such I am familiar with the facts and circumstances concerning this action.

 2. I submit this Declaration in support of the accompanying motion to vacate the default entry and default judgment against the Tremson Defendants, and for such other further relief as the Court deems just and proper.  This request is being made pursuant to F. R. Civ. P. 55(c) and 60(b).

3. In deciding whether to vacate a default judgment, the Court considers the following three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

4. As set forth in the accompanying moving papers, including the Declarations of Tyler Tremblay ("Tyler") of Tremson Wood Products, George Jr., and John Tremblay, and supporting exhibits, the Tremson Defendants have shown that their default was not willful, but the result of attorney neglect by Tremson Defendants' former counsel, Attorney Michael Fahey ("Attorney Fahey") of Bartels & Feureisen LLP, despite their diligent follow-ups to remain apprised of the status of this Action; that vacating the default judgment will not prejudice Plaintiffs; and that the Tremson Defendants possess multiple meritorious defenses warranting resolution of this Action on the merits.

5. Each exhibit annexed hereto has its admissibility established in the corresponding Declarations of John Tremblay, George Jr., and Tyler, each of whom provides the requisite foundation for the document they reference.

6. Annexed hereto as Exhibit 1 is a true and correct copy of the May 17, 2024 e-mail correspondence that Attorney Fahey forwarded to Tyler, which included his May 14-17, 2024 exchanges with Plaintiffs' then-counsel Jonathan Trinidad-Lira, Esq. of Katz Mellinger, confirming their discussion about his representation of the Tremson Defendants.

7. Annexed hereto as Exhibit 2 is a true and correct copy of the May 16, 2024 e-mail from Tyler to Attorney Fahey confirming that he would be retained to represent the Tremson Defendants.

8.  Annexed hereto as Exhibit 3 is a true and correct copy of the Order dated September 18, 2024, signed by Magistrate Robert W. Lehrburger, which Tyler discovered on or around October 29, 2024.

9.  Annexed hereto as Exhibit 4 is a true and correct copy of the e-mail Tyler sent to Attorney Fahey on October 29, 2024.

10. Annexed hereto as Exhibit 5 is a true and correct copy of Tyler's May 15, 2025 e-mail to Attorney Fahey.

11. Annexed hereto as Exhibit 6 is a true and correct copy of the New York State Department of State records reflecting the address of Defendant Tremson Recycling LLC.

12. Annexed hereto as Exhibit 7 is a true and correct copy of the restraining-notice communications from Tompkins Bank and Ives Bank.

13. Annexed hereto as Exhibit 8 is a true and correct copy of the certificate of service as to John Tremblay.

14. Annexed hereto as Exhibit 9 is a true and correct copy of the certificate of service as to George Jr.

15. WHEREFORE, your declarant prays that the Court vacates the default judgment entered against the Tremson Defendants, and for such other and further relief as the Court deems just and proper.

**[SIGNATURE PAGE TO FOLLOW]**

Dated: Port Chester, New York
       February 28, 2026

                                            **CERMELE & WOOD LLP**

                By: /s/ *Mark Cermele*
                     Mark Cermele
                     MC4596
                     *Attorneys for Defendants The Tremson Corporation, Tremson Wood Products, LLC, George Tremblay Jr., and John Tremblay*
                     109 Willet Ave
                     Port Chester, New York 10573
                     (914) 967-2753
                     mark@cw.legal